WHITE et al. v. WESTERN UNION TELEGRAPH CO.

(Supreme Court, Appellate Division, First Department. December 6, 1912.)

1. TELEGRAPHS AND TELEPHONES (§ 65*)—ACTIONS FOR DAMAGES—SUFFICIENCY OF COMPLAINT.

A complaint in an action for failure to transmit a cablegram, alleging its delivery to defendant for a valuable consideration, is insufficient to entitle plaintiff to more than nominal damages, since, even if it be construed as alleging the payment of a valuable consideration to, and not by, defendant, it does not allege that such consideration was the payment of the usual charges.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 54–60; Dec. Dig. § 65.*]

2. PLEADING (§ 8*)—MATTERS OF FACT OR CONCLUSIONS.

An allegation of a valuable consideration is not a statement of a fact, but a conclusion of law.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

3. TELEGRAPHS AND TELEPHONES (§ 65*)—ACTIONS FOR DAMAGES—SUFFICIENCY OF COMPLAINT.

A complaint alleging the failure of defendant to transmit, to a person who had offered to sell onions to plaintiff, a cablegram reading "Onions offered are crates 20 kilos net," but not alleging what the answer thereto would have been, was insufficient to justify more than nominal damages, since the message was neither an offer nor an acceptance of a previous offer, but apparently merely an inquiry concerning the onions, and hence the complaint did not show that the failure to transmit the message was the proximate cause of the failure of the negotiations to result in a binding contract.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 54–60; Dec. Dig. § 65.*]

Appeal from Special Term, New York County.

Action by William N. White and another against the Western Union Telegraph Company. From an order denying judgment on the pleadings in plaintiff's favor for nominal damages only, defendant appeals. Reversed, and motion for judgment granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

George H. Fearons and Francis Raymond Stark, both of New York City, for appellant.

Charles Caldwell, of New York City, for respondents.

McLAUGHLIN, J. Action to recover damages for the breach of an alleged contract to send and deliver a cablegram. The complaint alleges, in substance, that the defendant, a domestic corporation, is engaged in the business of conveying messages by telegraph and cable; that prior to the 12th of September, 1911, plaintiffs were in correspondence with a merchant by the name of Behn, of Valencia, Spain, who was there engaged in the produce business; that as a result of the correspondence Behn offered "to sell to the plaintiffs 10,000 crates of winter onions at 1 shilling 11 pence per crate, cip. New York," and requested plaintiffs to reply by cable; that on the 12th of September, 1911, for a valuable consideration, they delivered to the defendant, to be sent to Behn, at the place named, the following cablegram, "Onions offered are crates 20 kilos net;" that the defendant utterly failed and neglected to send such cablegrams, and by reason thereof the same was never sent or delivered; that, had it been sent, the plaintiffs would have received the onions, and on a resale by them would have realized on the transaction a profit of $3,800, for which judgment was demanded.

The answer admitted the defendant's incorporation and that the cablegram referred to in the complaint was not sent or delivered to Behn at Valencia, Spain, and denied the other material allegations of the complaint. After issue had been joined, the defendant moved upon the pleadings that the plaintiffs have judgment against the defendant for nominal damages only. The motion was denied, and defendant appeals.

[1, 2] I am of the opinion that the motion should have been granted. The complaint, if it states a cause of action at all, which I do not believe it does, states one only for nominal damages. There is no allegation in it that the defendant promised, for a valuable consideration, to send it, or that the message was delivered to defendant, and its usual charges paid or tendered. Macpherson v. Western Union Tel. Co., 52 N. Y. Super. Ct. 232. The allegation that "plaintiffs, for a valuable consideration, delivered the following cable to defendant to be sent," if taken literally, means that the defendant gave the plaintiffs something of value for the privilege of sending the cablegram. But if this allegation be treated, as it doubtless was intended, as setting forth a consideration paid to the defendant, it is insufficient, because of the failure to state that the consideration was the payment of the usual charges. See 37 Cyc. p. 1722. The allegation "for a valuable consideration" is not the statement of a fact, but a conclusion of law. Browning, King & Co. v. Terwilliger, 144 App. Div. 519, 129 N. Y. Supp. 431.

[3] The complaint, as it seems to me, is defective, because it does not show that any damages were sustained by reason of the defend-

ant's failure to forward and deliver the cablegram. There is no allegation in the complaint to the effect that Behn had offered to sell the onions at the price stated in the message delivered to defendant. Nor was the message an acceptance of any offer. The message, so far as appears, was an inquiry as to whether the "onions offered are crates 20 kilos net." What the answer would have been it is useless to conjecture. In this respect the allegations of the complaint fall within the rule stated in 37 Cyc. p. 1760, as follows:

"Where the message relates to a proposed contract between plaintiff and another person, but is neither an acceptance of a previous offer, nor itself a definite offer, but only an invitation to submit an offer, or to meet or correspond with the sender for the purpose of further negotiation, the failure duly to deliver the message is not, as a matter of law, the proximate cause of the failure of the negotiations to result in a binding contract; and damages for the loss of a contract which might or might not have resulted from further negotiations being too remote and uncertain, only nominal damages can be recovered."

And had the message been sent it does not appear what Behn's answer would have been, or what the plaintiffs would have done on receipt of the same.

For the foregoing reasons, I think the complaint fails to state any cause of action; but inasmuch as the defendant's motion was that the plaintiffs have judgment for nominal damages only, the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.