FRANCIS C. DALE, Respondent, *v.* WESTERN UNION TELE-GRAPH COMPANY, Appellant.

First Department, January 18, 1918.

**Telegraphs and telephones — failure of telegraph company to forward message — refusal of sender to tender exact amount of charges.**

A plaintiff is not entitled to recover damages for the failure of the defendant telegraph company to forward a telegram respecting the place where the plaintiff's mail was to be sent, where it appears that the plaintiff, having

---

* Since amd. by Laws of 1916, chap. 366.— [REP.

in change the exact cost of the telegram, refused to pay the same over because one of the coins was a Columbian half dollar which had a premium value to collectors of five or ten cents, but insisted on the defendant's agent changing a five-dollar bill which the agent refused to do.

The plaintiff cannot recover the amount of his hotel bill at a certain city, where it is conceded that he intended to stay there, at least part of a day in any event.

APPEAL by the defendant, Western Union Telegraph Company, from a determination and order of the Appellate Term of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of July, 1917, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Seventh District.

An appeal is also taken from said judgment of the Municipal Court.

*Francis Raymond Stark* of counsel [*Joseph L. Egan* with him on the brief], *Albert T. Benedict* and *Francis Raymond Stark*, attorneys, for the appellant.

*Ely Rosenberg* of counsel [*J. M. Cohen* with him on the brief], for the respondent.

DOWLING, J.:

Plaintiff was in Los Angeles, Cal., on June 25, 1915, on his way east, and at six-thirty-five P. M. of that day he entered defendant's office in the Santa Fe railroad station and tendered to defendant's agent a telegram to be sent to the superintendent of a club to which he belonged in New York city, directing that his mail be sent to him at Denver, Col. (general delivery), until further notice. The charges on this telegram were one dollar and one cent. Plaintiff tendered a ten-dollar bill and one cent, when the agent said, "You will have to get change for that." Plaintiff demurred, said he was a stranger, did not know where to go to get change, and as his wife was on the waiting train he did not want to leave the station. He admits there was a ticket office in the station, but he made no effort to get the bill changed, and went to the train, got his wife to return with him to defendant's office, again tendered the ten dollars and one cent, and when the agent

refused to make change, tendered a five-dollar bill which he had obtained from his wife, but the agent still refused to make change. Then plaintiff, saying that he assumed that the agent had no change in the office, but that he should have had, searched in his pockets and produced in the presence of the agent a twenty-five-cent piece, a fifty-cent piece, two pennies and a Columbian half dollar. The agent said, " I see you got one dollar there in change." Plaintiff explained that one of the coins was a Columbian piece and exhibited it to the agent but it failed to impress him, for he replied: " You have got that $1 and I won't take any more than that. I will tell you there is nothing stirring. I will tell you we ain't got no change." Plaintiff would not give up the Columbian half dollar to make up the exact change, for although he admits he had received it at its face value he wanted to keep it because it was worth a premium of five or ten cents. Plaintiff made no further effort to get change, and the telegram was not sent. He claims that on the second day following he stopped off at Colorado Springs and stayed there over night waiting for his mail, but it failed to reach him. He has been given judgment for the sixteen dollars paid by him for his hotel bill there for an extra day. Concededly he intended to stay there at least a part of a day in any event. I am of the opinion that plaintiff has failed to establish any cause of action against defendant. It was the duty of plaintiff to pay or tender its usual charges for sending the telegram. (*White* v. *Western Union Telegraph Co.*, 153 App. Div. 686.) He made no tender of the exact amount of the charges, and it affirmatively appears that, to the knowledge of the defendant's agent, plaintiff had in his possession the exact change to pay the same. Plaintiff's expectation of realizing a premium of five or ten cents on the Columbian half dollar did not justify his refusal to pay the exact charges, nor was the coin shown to be such a rarity as to warrant a desire to retain it rather than turn it over to satisfy defendant's tolls. Furthermore, the alleged financial loss to plaintiff is not shown to have been the necessary consequence of the refusal to send the telegram in question.

The determination of the Appellate Term and the judgment of the Municipal Court will be reversed, with costs to

appellant, and judgment directed in favor of defendant, with costs.

CLARKE, P. J., LAUGHLIN, SCOTT and SMITH, JJ., concurred.

Determination and judgment reversed, with costs to appellant, and judgment directed in favor of defendant, with costs.